**LAW OFFICES OF SHELBY NICOLE ALBERTS**
Shelby Nicole Alberts, SBN 283064
901 H Street, Ste. 612
Sacramento, CA 95814
Telephone: 916-941-5610
shelbyalbertslaw@gmail.com


Attorneys for Defendant
**NATASHA ELIZABETH POE-CARPENTER**


## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>NATASHA ELIZABETH POE-CARPENTER,<br><br>                              Defendant. | CASE NO.  2:24-CR-00140-DC<br><br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br><br>DATE: July 1, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

**STIPULATION**

Defendant, Natasha Poe-Carpenter, by and through his counsel of record, and plaintiff, by and through its counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set for a status conference hearing on July 1, 2026 at 9:30 a.m. ECF No. 55.

2.    Under the Speedy Trial Act, time has previously been excluded through July 1, 2026, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) (Local Code T4).  ECF No. 55.

3.    No trial date is currently scheduled in this matter.  The previously scheduled trial date in this matter has been vacated.  ECF. No. 33.

4.    The requested continuance is necessary to allow defense counsel additional time to continue her investigation, review discovery, and evaluate issues relevant to mitigation.  The discovery includes digital evidence from at least six devices obtained from cellular telephones and tablets that

STIPULATION REGARDING VACATING STATUS CONFERENCE                                         1

requires consultation with experts. Despite the exercise of due diligence, defense counsel requires additional time to further analyze this material, consult with her client, and explore pretrial resolutions. Defense counsel believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. The defendant in the above-entitled case is housed in Yuba County Jail, which requires attorney visits to be scheduled in advance and requires approximately two hours of travel time round trip, in addition to visiting time. Based on this issue, counsel needs additional time in order to review the voluminous amount of discovery with the defendant. At this time, there is still discovery that counsel needs to review with the defendant.

6. This request was previously made in advance of the May 1, 2026 status conference by way of stipulation and proposed order. The request was initially denied at that time, and the parties appeared before this court wherein a request to continue was made orally. The request to continue was granted on May 1, 2026 and defense has continued to review discovery and work on being prepared on this case. Defense counsel still needs more time to review discovery and review the discovery with the defendant.

7. By this stipulation, the parties now move to vacate the status conference set for July 1, 2026 and set a status conference on August 14, 2026.

8. The parties understand that this date is available to the Court for a Status Conference.

9. It is therefore requested that the hearing date currently scheduled for July 1, 2026 at 9:30 a.m. be continued to August 14, 2026 at 9:30 a.m. before this Court.

10. For the purpose of commuting time under 18 U.S.C. § 3161 *et seq*. (Speedy Trial Act), the parties request that the time period between July 1, 2026 and August 14, 2026, inclusive, be deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) (Local Code T4), because it would result from a continuance granted by the Court at the defense's request, based on a finding that the ends of justice served by granting the continuance outweighs the best interest of the public and the defendant in a speedy trial.

11. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

STIPULATION REGARDING VACATING STATUS CONFERENCE

2

must commence.

IT IS SO STIPULATED.

Dated:  June 24, 2026                                        ERIC GRANT
                                                            United States Attorney


                                                            /s/ *ROBERT ABENDROTH*
                                                            ROBERT ABENDROTH
                                                            Assistant United States Attorney


Dated:  June 24, 2026                                        /s/ *SHELBY NICOLE ALBERTS*
                                                            SHELBY NICOLE ALBERTS
                                                            Counsel for Defendant
                                                            NATASHA ELIZABETH POE-
                                                            CARPENTER

**ORDER**

IT IS HEREBY ORDERED as to Natasha Poe-Carpenter, the court, having received, read and considered the parties' stipulation filed on June 24, 2026 (Doc. No. 58), and good cause appearing therefrom, APPROVES the parties' stipulation.  Accordingly, the Status Conference (Change of Plea or Trial Setting Hearing) scheduled for July 1, 2026, is VACATED and RESET for August 14, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between July 1, 2026 and August 14, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:    **June 24, 2026**

_____

Dena Coggins
United States District Judge

STIPULATION REGARDING VACATING STATUS CONFERENCE

4