**LAW OFFICES OF SHELBY NICOLE ALBERTS**
Shelby Nicole Alberts, SBN 283064
901 H Street, Suite 612
Sacramento, CA 95814
Telephone: 916-941-5610
shelbyalbertslaw@gmail.com

Attorney for Defendant NATASHA POE-CARPENTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>NATASHA ELIZABETH POE-CARPENTER<br>Defendant. | Case No. 2:24-cr-00140-DC<br>**NOTICE OF MOTION TO REOPEN DETENTION HEARING AND FOR TEMPORARY RELEASE TO ALTERNATE CUSTODY**<br>Date: September 11, 2026<br>Time: 2pm<br>Dept: Hon. Jeremy D. Peterson |

## NOTICE OF BAIL REVIEW

Defendant Natasha Poe-Carpenter respectfully requests that the Court calendar the above-referenced matter for a bail review on September 11, 2026 at 2pm. The Government has no objection to this motion being calendared today, September 4, 2026, and heard on September 11, 2026. Pursuant to Local Rule 429, this motion is noticed to occur at least seven days before the date of the hearing on the motion.

Ms. Poe-Carpenter requests release from pretrial detention. Ms. Poe carpenter makes this motion on the following grounds: new information and changed circumstances exist. At the time of Ms. Poe-Carpenter's last detention hearing, the Honorable Carolyn K. Delaney indicated that the program Visions of the Cross in Redding, which Ms. Poe-Carpenter was accepted into, was not

acceptable for the court, but that the court would consider another program approved by Pretrial Services. (ECF No. 63.) Ms. Poe Carpenter can be placed on the waitlist for Sacramento Wellspace through Eastern District pretrial services. The court also showed concern with the sufficiency of Ms. Poe-Carpenter's bond package. At this time, Ms. Poe carpenter is able to provide further sureties than previously indicated to the court.

Given these changes in circumstances, Ms. Poe-Carpenter moves to reopen her detention hearing.

**ON FOR BAIL REVIEW**

**I.**

**PROCEDURAL HISTORY AND FACTS**

Mr. Poe-Carpenter completed serving a 4 year prison term on July 8, 2026 in the California Department of Corrections and Rehabilitation after being convicted drug related crimes in 2024. Ms. Poe-Carpenter was arraigned on the instant indictment on April 14, 2025 and ordered transported to the Sacramento Division of the Eastern District of California for further proceedings. (ECF No. 17.) Magistrate Judge Erica P. Grosjean signed a Detention Order as to Ms. Poe-Carpenter on April 14, 2025. (ECF No. 19.) Counsel was appointed pursuant to the Criminal Justice Act (CJA) on May 14, 2025. (ECF No. 23.) A Motion to Reopen Detention Hearing was heard on December 22, 2025 by the Honorable Sean C. Riordan wherein the court did not find a change in circumstances necessary to reopen Ms. Poe-Carpenter’s detention status. (ECF No. 44.) After being released from the custody of the California Department of Corrections and Rehabilitation, detention was addressed again on August 11, 2026 in front of the Honorable Carolyn K. Delaney. (ECF No. 63.) The matter is currently set for a Status Conference on October 16, 2026. Time has been excluded under Local Rule T4 since June 17, 2025. (ECF Nos. 29, 30, 33, 48, 52, 59, 62.)

**II.**

**POINTS AND AUTHORITIES**

Under the Bail Reform Act, 18 U.S.C. § 3142(f)(2), a detention hearing may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the

movant at the time of the detention hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Bail Reform Act mandates pretrial release unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e); *U.S. v. Hir*, 517 F.3d 1081 (9th Cir. 2008). However, because Ms. Poe-Carpenter is charged via indictment with an offense under the Controlled Substances Act (21 U.S.C. §801 et sec), section 3421 sets forth a statutory presumption that no condition or conditions will reasonably assure that she will attend all court appearances and will not be a danger to the community. 18 U.S.C. §3142(e)(3)(A). Once, such a defendant proffers evidence rebutting the presumption, the Court must consider four factors when evaluating whether flight and the dangerousness concerns can be eradicated: (a) nature and circumstances of the crime, (b) weight and evidence against the defendant, (c) history and characteristics of the person including character, physical and mental condition, family and community ties, financial means, criminal history, record of appearance at court proceedings, history of drug and alcohol abuse and nature and seriousness of danger to any person or community that the defendant's release would pose. 18 U.S.C. §3142(g). In this matter, flight risk is greatly mitigated by the fact that she has significant ties to the community in the Eastern District. Additionally, Ms. Poe-Carpenter's release plan would include compliance with any pretrial conditions the court deems appropriate, including enrollment at an inpatient treatment facility, appearance at court proceedings as well as with drug-use prohibitions: Ms. Poe-Carpenter is willing to enroll at any facility approved by the court and Pretrial Services. Ms. Poe-Carpenter can be placed on the waitlist at WellSpace through Pretrial Services. She is highly motivated to participate in substance abuse counseling and receive continued mental health treatment.

While Ms. Poe-Carpenter did struggle with narcotics use throughout her adult life, she has a sincere desire to change and access to treatment for the first time in her life. *Id*. Now that she has maintained an extended period of physical sobriety, with a sincere desire to maintain her recovery, Ms. Poe-Carpenter can apply her well-documented work ethic to promote her continued successful

rehabilitation. Appropriate terms of pretrial release also can be fashioned (testing and treatment) to support Ms. Poe-Carpenter ongoing rehabilitative goals.

Ms. Poe-Carpenter poses no danger to the community. She is delighted to attend treatment at any rehabiliation facility approved by this Court. She has no desire to re-offend and, without the negative influences of narcotics, she is not at risk of re-offending.

**III.**

**CONCLUSION**

Ms. Poe-Carpenter has a significant portion of the custody term that she likely owes for her role in this offense. She has mitigated any flight and danger risk such that her release is appropriate. Based on the above-referenced factors, she requests consideration of a change in detention at this time.

Dated: September 4, 2026

/s/ *Shelby Nicole Alberts*
Shelby Nicole Alberts
Attorney for Defendant
Natasha Poe-Carpenter