ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>NATASHA ELIZABETH POE-CARPENTER,<br>Defendant. | CASE NO. 2:24-CR-00140-DC<br><br>RESPONSE IN OPPOSITION TO MOTION FOR BAIL REVIEW |

## INTRODUCTION AND PROCEDURAL HISTORY

On May 23, 2024, a grand jury indicted the defendant, NATASHA ELIZABETH POE-CARPENTER ("POE-CARPENTER") for three drug trafficking offenses including possession with intent to distribute methamphetamine, possession with intent to distribute fentanyl, and conspiracy to commit those same offenses. ECF No. 5. The charges in the indictment arose from a complaint initially filed against POE-CARPENTER's co-conspirator, DONALD ULYSSES MAXWELL ("MAXWELL"). ECF No. 1.[1]

At her initial appearance, the Court ordered POE-CARPENTER detained pending trial. ECF No. 19. Thereafter, POE-CARPENTER filed two motions for bail review, the first on December 17, 2025

[1] The grand jury indictment charged the same conduct as those alleged in the complaint, and the indictment added POE-CARPENTER as a conspirator and aider and abettor in the offenses alleged against MAXWELL. Much of the facts discussed in this opposition are found in the complaint. The government moved to dismiss the indictment as to MAXWELL following his death while in custody of the California Department of Corrections and Rehabilitation. *See* ECF Nos. 31 and 32.

and the second on August 4, 2026. ECF Nos. 40 and 60. Following hearings on both motions, the Court denied each motion. ECF Nos. 44 and 63. Now, POE-CARPENTER requests to reopen proceedings pursuant to the Bail Reform Act. ECF No. 64.

In her request, POE-CARPENTER seeks to reopen pretrial detention proceedings based upon potential treatment at a rehabilitation facility, additional sureties, and her promise to abide by conditions of release. For the following reasons, POE-CARPENTER's proposed release plan still fails to rebut the presumption in favor of detention, and even if it did, the proposed release plan would not adequately ensure POE-CARPENTER's appearance at future proceedings or protect any person and the community as required by the Bail Reform Act.

**FACTS PERTINENT TO THE BAIL REFORM ACT**

On July 23, 2023, officers with the Red Bluff Police Department arrested MAXWELL and POE-CARPENTER after finding them inside a hotel room with drugs in plain view. A search warrant on MAXWELL and POE-CARPENTER's hotel room led to the seizure of, among other the items, approximately 10.3 pounds of marijuana, approximately 9.27 pounds of methamphetamine (4483 grams), approximately .87 pounds of fentanyl (396 grams), a loaded Smith & Wesson 9 MM handgun, a loaded Colt .357 Magnum handgun, a digital scale, $3,472.00 in U.S. Currency, and a notebook with a handwritten ledger or what agents refer to as a "pay-owe" sheet.

The notebook with the ledger bore a teal green polka-dotted pattern on its cover, and its first page had a space where an owner can inscribe their name. Inside this space is a handwritten inscription reading: "Property of LiL' MaMaSS STAY THE FUCK OUT!" The "SS" mimicked the "SS" font and style seen on Nazi-era SS uniforms which have been appropriated by white-supremacists and white prison gangs. One of the notebook's pages has hand-drawn pictures of Swastikas next to the words, "LiL' MaMaSS NoR ₵aL WHITE POWER Princess Bitch…The Dirty 530." The back of the notebook also bore its owner's name handwritten as, "Natasha M.F. Maxwell." Inside the notebook was a page with a handwritten ledger with the words at the top of the page: "As of 7/21/23 ---- $46,000."

Almost one year later, March 14, 2024, officers in Shasta County again arrested MAXWELL and POE-CARPENTER. This time, inside the vehicle POE-CARPENTER and MAXWELLL occupied, officers found a Beretta 9 MM handgun and 73 blue tablets bearing an "M" and a "30" which later were

determined to contain fentanyl.

Prior to her last bail review hearing, the Pretrial Services Office submitted a report detailing the defendant's criminal history, record with respect to compliance while on supervision, employment history, resources available to ensure her appearance and safety of the community, and history regarding substance use and mental health. This history did not support her release.

The report noted that the defendant's last identifiable employment was in 2017. Pretrial Services Report, at p. 3.[2] The defendant had no ascertainable assets to secure her appearance. *Id*. The report also detailed a troubling history of drug abuse and mental health struggles requiring medication while in custody. *Id*., at pp. 5-7. Most troublingly, the report detailed prior criminal convictions dating back to 2013 including a 2018 conviction for misdemeanor obstruction of a public officer, a 2018 felony conviction for evading a peace officer, and a 2019 felony conviction for first degree burglary. *Id*., at pp. 11-13. Also, the defendant performed poorly when placed on terms of supervision demonstrated by her 2014 probation violation and her 2022 probation revocation. *Id*., at pp. 8 and 12. Inpatient rehabilitation also did not work for the defendant. The report noted the defendant's placement at an in-patient rehabilitation facility in 2014, her release from that facility in late 2014, and her subsequent arrest and conviction approximately eight months later for misdemeanor theft. *Id*., at p. 11. It is upon this record that the defendant seeks to reopen detention proceedings under the Bail Reform Act.

**LAW AND ARGUMENT**

The Court may reopen detention proceedings to consider information "that was not known to the movant at the time of the hearing and that has a material bearing" on the issues to be considered by the Court in assessing the viability of pre-trial release. 18 U.S.C. § 3142(f). Assuming that the information contained within POE-CARPENTER's motion is new information, the Court should still detain POE-CARPENTER pending trial for two reasons. First, POE-CARPENTER's proposed release plan fails to rebut the presumption in favor of detention; and second, applying the factors in the Bail Reform Act, no conditions or combination of conditions exist which would assure POE-CARPENTER's appearance or

[2] Citations to "Pretrial Services Report" refer to the Pretrial Services Report dated August 11, 2026 prepared in connection with the defendant's prior Motion for Bail Review and provided to the Court and the parties for the hearing held on August 11, 2026.

sufficiently protect any person and the community.

## I. POE-CARPENTER's PROPOSED RELEASE PLAN FAILS TO REBUT THE PRESUMPTION IN FAVOR OF DETENTION.

Where, as here, there is probable cause to believe that a defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community. *See* 18 U.S.C. § 3142(e)(3)(A). To rebut the presumption, POE-CARPENTER offers her significant ties to the community, a promise to abide by conditions of release, a desire to attend in-patient substance abuse treatment, and other potential sureties. *See* ECF No. 64, p. 2-3.

As noted in the Pretrial Services Report, POE-CARPENTER's resources available to support conditions of release are scant. She has no discernable employment history and no assets. The Court, supervisors, and POE-CARPENTER are entirely reliant on POE-CARPENTER's word secured only by the generosity of family members who, albeit well-intentioned, should not be shouldered with the financial burden of guaranteeing this defendant's appearance and the safety of the community. To make matters worse, this presumption exists in favor of detention in the context of a defendant with a troubling history of performance while under court supervision. The availability of well-intentioned family members, the defendant's promise, and a possible drug treatment program does not rebut the presumption in favor of detention given the nature of the offenses charged. Even if the presumption were rebutted, POE-CARPENTER's detention is still warranted by the application of the factors set forth in the Bail Reform Act.

## II. EVEN IF POE-CARPENTER's PROPOSED RELEASE PLAN DID REBUT THE PRESUMPTION IN FAVOR OF DETENTION, THE FACTORS FOUND IN THE BAIL REFORM ACT STILL WEIGH IN FAVOR DETENTION.

Where a defendant rebuts the presumption in favor of detention, the Court must consider whether conditions or a combination of conditions of release exist that would reasonably assure the safety of any other person and the community as well as the defendant's presence at future proceedings. In making this assessment, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense involves a […] a controlled substance, firearm […];
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1-4). All four factors weigh in favor of detention.

The charged offenses involve, among other substances, a uniquely dangerous drug—fentanyl—found in counterfeit pill form, and the charges involve the possession of firearms. Consequently, the nature and circumstances of the offenses charged weighs in favor of detention.

The weight of the evidence is strong and weighs in favor of detention. Police found and arrested POE-CARPENTER and MAXWELL on two separate occasions in joint possession of controlled substances. The first arrest included items demonstrating their possession with intent to distribute including: 1) the large amount of controlled substances possessed, 2) the diverse nature of the controlled substances possessed, 3) a scale for dispensing specific amounts of drugs, 4) drug proceeds, and 5) a drug ledger in POE-CARPENTER's journal documenting their sales and financing arrangements with customers.

POE-CARPENTER's history and characteristics likewise favor detention. While she has lived in the same area for her whole life, her connections in that community include associations with drug traffickers and a prison gang. POE-CARPENTER's journal showed these connections succinctly where a drug ledger detailed a history of controlled substance transactions within a journal filled with symbols and words associated with a white prison gang. Her employment, criminal history, and prior performance on conditions of release also favor detention. She has a poor employment record with no discernable legitimate means of income since 2017, prior felony convictions, no verifiable assets to

secure her performance on conditions of release, a troubling history with substance abuse, and a poor record of performance on conditions of release. Indeed, the very thing she seeks—release to a drug treatment program—has been tried and resulted in her arrest less than one-year following in-patient treatment.

Finally, and most importantly, the nature of the risk posed to any person and the community should POE-CARPENTER be released also weighs in favor of detention. As the Bail Reform Act notes, offenses involving controlled substances and firearms are inherently dangerous and must be treated cautiously. Within this context, POE-CARPENTER requests to be placed her back into the very same environment in which she accumulated her criminal convictions, supported a troubling drug abuse cycle, and fostered associations with drug traffickers and a racist prison gang. She is not a good candidate for release under any conditions of release.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that, upon re-opening detention proceedings, the Court order POE-CARPENTER detained pending trial.

Dated: September 9, 2026

ERIC GRANT
United States Attorney

By: */s/ ROBERT ABENDROTH*
ROBERT ABENDROTH
Assistant United States Attorney